### THOMAS HANSON v. JOSEPH E. FIELD.

1. CHANCERY PLEADING: DEMURRER TO BILL CHARGING FRAUD.—Where the statement of facts in a bill charging fraud, are not sufficient to justify a Court of Equity in granting relief, the charge of fraud need not be answered, and in such a case it is proper to demur.

2. FRAUD: WAIVED BY NEW ENGAGEMENT RESPECTING ORIGINAL CONTRACT. —If a party with knowledge that he has been defrauded, makes new engagements respecting the original contract and affirms it, he thereby waives the fraud, and is not entitled to equitable relief.

3. RESCISSION OF CONTRACT: PARTY ASKING RESCISSION MUST PLACE THE OTHER IN POSITION OCCUPIED BEFORE CONTRACT MADE.—Before a party can demand a rescission of a contract he should offer to refund the money he may have received, and to place the other party in the position he occupied before making of the contract.

APPEAL from the Chancery Court of Jackson county. Hon. Wm. M. Hancock, chancellor.

*George Wood*, for appellant, cited 5 How. 536; 5 S. & M., 17.

No counsel for appellee.

SHACKELFORD, C.J., delivered the opinion of the court.

The appellant Hanson filed his bill in the Chancery Court of Jackson county against appellee seeking to rescind a sale made by appellant to appellee of certain lands and tenements therein specified.

Appellee demurred to the bill: "For want of equity—because

the bill shows no cause for relief, that the remedy is complete at law; because the relief prayed for cannot be granted under the allegations of the bill."

The demurrer was sustained, and leave given to appellant to amend his bill, which he refused to do.

From this decision of the court appellant brings the cause into this court by appeal, for revisal.

The bill alleges that appellant sold to the appellee his homestead and other lands, for the sum of $1,250. That he sold the same for much less than their value, and to his great inconvenience, inasmuch as it compelled him and family to leave a comfortable home, and to take shelter in a miserable shanty. That the great inducement to sell was to obtain money to go into business, as he had been ruined by the war and left without means of carrying on any business."

That before the sale defendant (appellee) represented that he had claims upon the Government of the United States, " and that said claims would be paid when said contract was completed."

The appellee paid him $440 in cash. That it was to be a cash transaction. That when Field came to take possession, appellant objected to his taking possession of the premises, because he had not fully paid the purchase-money to appellant.

That appellee represented to complainant that " some delay had happened in the transmission of the money, but that in a few days it would be received and paid over."

That, reposing confidence in Field, he executed a deed of conveyance to Field, for the land and premises.

That when he executed the deed of conveyance to Field, *Field executed and delivered to him* " Exhibit A " to his bill, which is in these words :—

" For and in consideration of the purchase of a certain *tract* of land with the improvements known as the north half of Lot No. 2, in section No. 24, in township No. seven south, in range No. nine west, I promise to pay Thomas Hanson eight hundred and fifty dollars out of the first *profits* of my *interest* in his saw-mill, if not before paid; otherwise with eight per cent

interest from date, as witness my hand the first day of September, 1865.

"JOSEPH E. FIELD.

"Witness:
STEPHEN R. THOMPSON,
WM. BROWN."

Appellant objected to receiving "Exhibit A" because he was to have money, that appellee said he would make it all right, &c.

Avers fraud in the representations about his being about to receive money from the United States Government; that he had no interest whatever in his saw-mill, only a verbal contract, which was void; that he committed a fraud upon appellant in giving appellee the note "A;" prays for a rescission of the contract.

The first and only error assigned is, "that the court erred in sustaining appellee's demurrer."

Counsel for appellant contend that the court erred in sustaining the demurrer, because the allegations of fraud in the bill were not answered.

This position, as a general rule, is correct. The allegations which constituted the ground of fraud, should make out a *primâ facie* case of fraud, otherwise the defendant is not required to answer the allegations. The mere charge of fraud, without showing a state of facts, which if true would be fraud, is insufficient to give the court jurisdiction. There must be such allegations of fraud, if true, as will justify a court of equity in granting relief. *Walker* v. *Gilbert*, 7 S. & M. Rep. 456; *Hamilton & Young* v. *Lockhart et al.* M. O.

In this cause the only facts set forth in his bill to sustain the allegations of fraud, are that Field "told complainant that he would pay the money in a few days. That the deed of conveyance was fraudulently obtained, and that the instrument "A" was fraudulently imposed upon complainant."

It is manifest from the bill, that after Field had failed to pay the whole amount of the purchase-money—that after he had received the $440—that he made the deed of conveyance to Field,

and took the note "A" with a full knowledge that Field had failed to comply with the original terms of the contract; that he had a full knowledge of what he was doing; that he received the note "A" for the purchase-money, after the failure on the part of Field to pay the cash.

When Field failed to pay the purchase-money in full to appellant, according to contract, he could have easily withheld the deed of conveyance for the land, and have refused to receive the note "A" for the balance of the purchase-money.

All the grounds of fraud set up in complainant's bill for annulling the contract, were raised by the appellant when he executed and delivered the deed for the land, and received the note "A."

Hanson knew at the time he received the note "A" that Field had no title to the saw-mill; he was fully aware of the contents of the note "A" when he received it; the excuse he gives, as being "a foreigner, and not understanding the English language well," is insufficient to entitle him to any relief on that ground.

There were two witnesses to the note "A," and if he did not understand the contents, he could have refused to receive the same, until they were fully explained to him by witnesses to the note, or some other person in whom he had confidence. It appears that the transaction of the delivery of the deed and the receipt of the note "A" was one. Hanson nowhere in his bill alleges that the note "A" was improperly or falsely read to him, or that he cannot read writing; he does not allege that he understood the contents of the note "A" to be different from the context.

We think he makes out no such case of ignorance, or imbecility, or fraud, as entitles him to any relief from the consequences of his execution of the deed to appellee, and the receipt of the note "A" from him.

It is a well-established rule, that if a party has a knowledge that he has been defrauded, and makes new engagements respecting the original contract, and affirms it, he thereby waives the fraud, and loses his claim to equitable relief.

In this case, the trade was a cash transaction. The ground of fraud was, that Field deceived appellant about paying the money, and only paid $440. He waived the fraud, and took his (Field's) note, and delivered the deed for the land; his course in this transaction fully brings the case within the rule laid down by this court in the case of *Edwards* v. *Robins*, 7 S. & M. Rep. p. 544.

The bill avers that Field handed back to Hanson the deed he, Hanson, had executed and delivered to appellee, to have the same acknowledged by Hanson and wife, and that he, Hanson, refused to acknowledge the deed, or to give it back to Field, alleging he had a right to the deed, as Field had failed to pay the purchase-money; that he offered to rescind the contract, but did not offer to pay the money back to Field he had received of the purchase-money. Offers in his bill to pay what may be found due Field after the stating of an account.

It is well settled before a party can demand a rescission of a contract, that he should offer to refund the money he may have received, and to place the party from whom he received the money in the same position he occupied before the making of the contract. *Martin* v. *Broadus*, F. C. R., p. 35.

The bill shows, as we believe, no grounds for a rescission of the contract, or any grounds of relief.

The appellant has his remedy on the note for the balance of the purchase-money, or his remedy in chancery to enforce the vendor's lien.

As the chancellor has decreed that the demurrer to the bill of appellant should be sustained, and that decree being clearly right, it will not be disturbed.

Let the decree be affirmed.