FIRST NATIONAL BANK OF BARNSVILLE, OHIO, PLAINTIFF IN ERROR, V. AARON D. YOCUM, DEFENDANT IN ERROR.

1. **Vendor and Vendee:** FRAUD. False statements made by the vendor of chattels, at the time of the sale, with the fraudulent intent to induce the purchaser to accept an inferior article as a superior one, or to give an exorbitant and unjust price therefor, will render such contract of purchase voidable; but such false statement 'must be of some matter affecting the character, quantity, quality, value, or title of such chattel.

2. ———: RESCISSION. In order to rescind a contract for the pur_
chase of chattels on account of fraudulent representations made
by the vendor, the purchaser must, soon after making discovery
of the faulty character of the chattels, offer to rescind the con-
tract and put the subject-matter of the contract as near in *statu
quo* as may be under the circumstances, or upon the trial must
give a reason why the same could not reasonably be done.

ERROR from the district court for Adams county.
Tried below before GASLIN, J. The action was on a
promissory note given by Yocum to one Clark, in
payment of a package of cloth, etc., and by Clark as-
signed to plaintiff. Defense: Fraudulent representa-
tions in quality of cloth, etc., that cloth was of no value
whatever, etc., that Clark falsely represented to said
defendant that Benjamin Bailey and others had pur-
chased similar packages of cloth, etc., when in truth
and fact, Bailey and others had not made any such pur-
chase. Judgment below for defendant. The bill of
exceptions having been quashed for the reason that it
was not settled in time, the rulings of this court upon
the errors complained of were limited to the record
proper.

*R. A. Batty*, for plaintiff in error, cited 1 Parsons on
Contracts (5th Edn.), 465–593. 2 Kent Com., 480.
*Burton v. Schermerhorn*, 21 Vt., 289. *Furguson v. Hus-
ton*, 6 Mo., 407. *Burton v. Stewart*, 3 Wend., 236.

*Hewett & Yocum*, for defendant in error. The in-
structions given by the court below are sound in law.
1 Wait's Actions and Defenses, 608. *Rumsey v. Leek*,
5 Wend., 20. *Small v. Smith*, 1 Denio, 583. *Sawyer v.
Chambers*, 44 Barb., 42. *Van Valkenburger v. Stupple-
been*, 49 Barb., 99. *Skilding v. Warren*, 15 Johns., 280.
1 Wait's Actions and Defensès, 615. *Sell v. Rood*, 15
Johns., 230. *Shepherd v. Temple*, 3 N. H., 455. *Bur-
ton v. Stewart*, 3 Wend., 236.

Cobb, J.

The first instruction given to the jury upon the trial of this case at the request of the defendant is in the following words: "If the jury find that Patrick Clark the payee named in the promissory note upon which this action was brought falsely represented to said defendant that one Benjamin Baily had purchased of the said Clark a similar package of goods to the package of goods sold and delivered by said Clark to the defendant, for which said promissory note was given, and that the said Benjamin Baily had paid for said package of goods so purchased by him the sum of one hundred and fifty dollars, and further find that the said Patrick Clark, said payee, made said statement to throw the defendant off his guard, and prevent the said defendant from examining said goods, and to induce said defendant to purchase said package of goods, and execute and deliver said promissory note for the same, and that the said defendant relied upon the said false representation so made by said Clark in making the purchase of said goods, and in the executing of and delivering of said promissory note, and that said false statements induced said defendant to purchase said package of goods, and execute and deliver said note, and the jury further find that said plaintiff had knowledge of said false representations so made by the said Patrick Clark before said plaintiff purchased said note, said plaintiff cannot recover on said promissory note, and they must find for the defendant."

Does this instruction state the law correctly as applicable to any possible state of testimony? If it does, then the verdict cannot be disturbed. For as the bill of exceptions was set aside and cannot be considered, the testimony will be presumed to sustain the verdict

First National Bank v. Yocum.

in every particular; but if the law as given to the jury in the instructions of the court cannot be sustained as correct in any event, then the verdict may be presumed to be the result of the misleading effect of such instruction. This instruction does not depend or lean upon any other of the instructions. But it announces a clear proposition, and tells the jury that if they shall find it to be true they shall find for the defendant. It is easy to conceive the propriety of an instruction to the effect that had the said Clark made false statements as to the quantity and quality of or title to the article purchased in a material respect, and the defendant had relied upon such statements as true and purchased the articles, and the statements had proven to be false, and by reason of their falsity the defendant had suffered loss, then, etc. But in the charge the element of loss is left out of view entirely. For all that appears in the logic of the instruction the trade was an entirely fortunate one to the defendant. Yet without regard to such consideration the jury are instructed to dispose of the case upon the issue of a question quite foreign to it.

There is no doubt that to sustain a defense for the cause set out or presumed in the instruction we are now considering, would require the same facts which it would require to sustain an action for damages for deceit in the sale of goods. See *King v. Eagle Mills*, 10 Allen, 548. Let us for a moment suppose that the defendant became dissatisfied with the goods immediately, and desired to sue Clark for deceit in selling them to him. I think if he kept within the limits of this instruction in drafting his petition he would find himself wanting at two important points. First, it could not be properly charged that the deceit practiced was of or concerning the goods, their quality, quantity, or title; nor, second, that the then plaintiff suffered damage by reason of such deceit.

Again, the instruction loses sight of the fact that in cases of the kind at bar the party upon whom deceit has been practiced has some duties to perform for his own protection, and generally in view of the rights of others. Where a person has been induced even by deceit and fraud to buy an article of merchandise at an unjust and exorbitant price, or an article of inferior quality and value, he must, soon after making discovery of the deceit and fraud and the exorbitancy of the price or the inferior quality and value of the articles, make at least some effort or offer to rescind the purchase and put even the deceitful vendor as near as may be in *statu quo*, at all events while the articles which are the subject of the controversy or a part of them are in existence.

These considerations are ignored by the instruction.

For the above reasons the judgment of the district court must be reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.