A. B. SYMNS & CO. v. C. F. BENNER ET AL.

[FILED MARCH 24, 1891.]

1. **Sale**: FRAUD: RESCISSION: TENDER OF PRICE: The general rule is that a party who seeks to rescind a contract entered into on fraudulent representation, must return or offer to return the property acquired by such contract within a reasonable time, so as to place the property and the adverse party substantially in the same condition as at the time the property was received. There are some exceptions to this rule, however.

2. ———— : CASE STATED. One S. sold goods to B. upon the representation that he (B.) was entirely free from debt, that the goods in his store were paid for and that he was in the habit of discounting his bills and would pay the same within ten days,

38

whereupon goods to the amount of $500 were sold to him by S.
In ten days from the date of the purchase B. paid $100, and
soon afterwards executed a mortgage for a large amount to his
brother and surrendered possession thereunder of his goods.
Attachments, etc., were thereupon levied upon the goods, where-
upon S. brought an action of replevin to recover the goods pre-
viously sold by him, and on the trial paid into court the amount
of money paid by B. on the purchase, less the value of the goods
sold by B. *Held*, That as there was uncertainty as to the
amount of said goods sold by B., and as the offer to pay the res-
idue of the $100 was made on the trial, and as soon as the
amount was ascertained, it was within a reasonable time.

ERROR to the district court for Richardson county.
Tried below before APPELGET, J.

*F. Martin*, for plaintiff in error, cited : Wells, Replevin,
secs. 318, 321–2, 324, 331 ; 1 Addison, Contracts, 452;
*Sargent v. Strum*, 23 Cal., 360 ; *Ryan v. Brant*, 42 Ill., 79;
*Schweizer v. Tracy*, 76 Id., 345 ; *Hendrickson v. Hendrick-
son*, 51 Ia., 68 ; *Oswego Starch Factory v. Lendrum*, 57 Id.,
577; *Reid v. Cowduroy*, 44 N. W. Rep. [Ia.], 351 ; *Peters
v. Hilles*, 48 Md., 506 ; *Thurston v. Blanchard*, 22 Pick.,
[Mass.], 20; *Manning v. Albee*, 11 Allen [Mass.], 522–3;
*Poor v. Woodburn*, 25 Vt., 239; *Clough v. L., etc., R. Co.*,
*L. R.*, 7 Exch., 26.

*J. D. Gilman, Isham Reavis, C. Gillespie*, and *E. W.
Thomas*, contra, cited: *Herman v. Haffenegger*, 54 Cal.,
161; *Bowen v. Schuler*, 41 Ill., 193; *Moriarty v. Stofferan*,
89 Id., 528; *Smith v. Schmitz*, 10 Neb., 605; *First Nat.
Bank v. Yocum*, 11 Id., 328; *Faulkner v. Klamp*, 16 Id.,
174; *Grimes v. Farrington*, 19 Id., 47; *Schulenberg v. Har-
riman*, 21 Wall. [U. S.], 44; 1 Benjamin, Sales, 649; 1
Greenl., Ev., 634; 7 Wait's Act. & Def., 579.

MAXWELL, J.

The plaintiffs are wholesale grocers in Atchison, Kansas.
In August, 1888, C. F. Benner, one of the defendants, was

-engaged in the mercantile business in a small way in Falls City, Neb.

He was anxious to add a line of groceries to his business, and in order to obtain credit from the plaintiffs represented to their salesmen, in substance, that his stock was paid for and that he discounted his bills from wholesale dealers. Relying upon these and other representations of Benner the plaintiff sold him goods to the amount of $500.

About ten days after the sale took place Benner sent the plaintiffs $100 to apply on the purchase. A number of letters followed from the plaintiffs urging payment of the goods, but no other payment was made thereon. About the middle of September, 1888, C. F. Benner executed a mortgage to C. C. Benner, his brother, for more than $2,000, and the latter immediately took possession. Various creditors of C. F. Benner thereupon procured attachments, etc., and levied them on the goods in the possession of C. C. Benner.

The plaintiffs in this action, as soon as they learned of the mortgage of C. F. Benner to his brother, sought to rescind the sale and brought an action of replevin against the two Benners, under which they took all the goods undisposed of which had been purchased from the plaintiffs. It appeared on the trial that $47.00 worth of the goods had been sold, whereupon the plaintiff paid into court $53.00 for the use of C. F. Benner.

Upon the conclusion of the testimony for the plaintiff the defendants filed the following motion, which was sustained: "Defendants move the court to direct the jury to find a verdict in favor of the defendant, for the reason that the plaintiffs have not made out a *prima facie* case to entitle them to recover, for the following reasons :

"1st. There is no proper rescission of the contract of purchase of the goods by C. F. Benner from the plaintiffs. It has developed in the testimony that the purchase was made by young Benner, the goods were delivered at Falls

City, and that the sum of $100 was paid on the purchase price of the goods by Benner; and there is no showing on the part of the plaintiffs that this money was returned or offered to be returned to Benner previous to the bringing of the suit in replevin; and until said offer or return is made, where the claim is that the goods were fraudulently purchased, the vendors of the goods have no right of action; and for the reason that no rescission having taken place the plaintiffs were in no condition to say that they were the owners of the goods and entitled to their possession, as the original contract had not been disposed of by rescission.

"2d. For the reason that it has developed in the testimony that Thompson was in possession of the goods by writs of execution, and there is no testimony to show that the debts which those executions represented had not been contracted before or since this contract was made for the purchase of these goods."

The general rule is that a party who seeks to rescind a contract must return, or offer to return, the property acquired by such contract within a reasonable time, and in such a way as to place the property and the vendor substantially in the same condition as at the time the property was received. (*Manahan v. Noyes*, 52 N. H., 232; *Lane v. Latimer*, 41 Ga., 171; *Skinner v. White*, 17 Johns., 357; *Pintard v. Martin*, S. & M. Ch. [Miss.], 126; *Hanson v. Field*, 41 Miss., 712; *Clark v. Tennant*, 5 Neb., 549; 5 Wait's Actions and Defenses.) There are some exceptions to the rule, however, as where a party guilty of fraud has put it out of the power of the party defrauded to make such return, or such return is impossible, as in a case of exchange of animals, where the one received has died from a contagious disease existing when the exchange was made. (*Faulkner v. Klamp*, 16 Neb., 174; *Jones v. Edwards*, 1 Id., 170; *Masson v. Bovet*, 1 Denio, 69.)

The rule is that the party defrauded must do what he can to place the other *in statu quo*. (*Wilber v. Flood*, 16 Mich., 45; *First Natl. Bank v. Yocum*, 11 Neb., 328.)

In the case at bar it was evident at the time the action was instituted that a considerable portion of the goods purchased had been sold. The exact amount does not appear to have been ascertained until the trial.

On being ascertained, however, the plaintiffs at once tendered the remaining amount due. This, under the circumstances, would seem to be sufficient.

It is very evident that the goods were obtained by fraud and misrepresentation, and would not have been furnished to C. F. Benner had he not willfully and deliberately misrepresented the facts to the plaintiffs.

The plaintiffs had a right to claim their goods upon tendering back the money paid thereon; and this tender, so far as appears, was made at the earliest opportunity after the amount due was ascertained.

The court therefore erred in directing a verdict, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.