THE ROCK ISLAND IMPLEMENT COMPANY v. THE FIRST NATIONAL BANK OF HORTON AND JAMES C. SWARTZ.

**No. 553.** ( 57 Pac. 1050.)

SALES—*Rescission—Recovery of Goods.* One who seeks by replevin to rescind a contract of sale of personal property, where the title and possession have passed to the vendee, and it is voidable only, must, before bringing his suit, return or offer to return all benefits received by him under the contract. He cannot at the same time rescind the contract and retain to himself any benefits arising therefrom.

Error from Brown district court; R. M. EMERY, judge. Opinion filed July 18, 1899. Affirmed.

STATEMENT.

PLAINTIFF in error sought to recover from defendants in error the possession of personal property sold and delivered by it to the defendant Swartz, and by Swartz mortgaged to the bank, on the ground that Swartz obtained the property by false and fraudulent representations. At the time of purchase, Swartz gave to plaintiff two notes due at different dates, made by himself, and the note of a third person, and his check upon the bank for a small sum of money. The plaintiff did not before bringing the suit return

or offer to return any part of the benefits received by it under the contract of sale. The court instructed the jury that the defendants were entitled to recover upon this ground. From the judgment upon this verdict of the jury the plaintiff prosecutes error.

*James A. Clark*, and *James Falloon*, for plaintiff in error.

*Means & Smith*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: The question, and the only question, presented in this case is whether a vendor can rescind a contract of sale of goods without offering first to return the benefits received by him under the contract. We are forced to answer this question in the negative, as did the trial court. Counsel for plaintiff in error say they recognize the general rule to this effect, as decided by the supreme court in *Cookingham v. Dusa*, 41 Kan. 229, 21 Pac. 95; *Manufacturing Co. v. Moore*, 46 id. 324, 26 Pac. 703. They contend, however, that there is an exception to the rule in cases of replevin for goods obtained by fraud where the fraud is not specifically pleaded, and cite in support thereof *Symns v. Benner*, 31 Neb. 593, 48 N. W. 472; *Colville v. Besly*, 2 Denio (N. Y.) 139, and *Masson v. Movet*, 1 Denio (N. Y.) 69. They say further in their brief that the true rule seems to be that the party defrauded must do what he can to place the other *in statu quo*. During the progress of the trial plaintiff offered to credit upon the notes the value of the property replevied, as appeared from the evidence, at one time, and at another offered to return one of the notes. It will be observed that in both these offers defendant sought to retain some bene-

fit upon the contract. This it could not do. The law seems to be well settled that a party having a right to rescind a voidable contract must act promptly and return whatever benefits he has thereunder, but he must offer to rescind *in toto* and not in part. No benefits can be retained. The rescission goes upon the theory that the contract no longer has any existence for any purpose. It is annulled for all purposes. This is the interpretation we give to what the supreme court said in *Neal v. Reynolds*, 38 Kan. 432, 16 Pac. 785. This doctrine is also announced in American and English Encyclopedia of Law, volume 21, page 91, supported by numerous authorities. See, also, same volume, pages 85 to 87, and authorities there cited in the notes. In support of this conclusion we cite the following additional authorities : *Wainwright v. Weske*, 82 Cal. 193, 23 Pac. 12 ; *Herman v. Haffenegger*, 54 Cal. 161 ; *Burge v. Cedar Rapids & Mo. R. R. Co.*, 32 Iowa, 103 ; *The Farmers' Bank of Virginia v. Groves*, 12 How. (U. S.) 58, 59 ; *Lyon v. Bertram et al.*, 20 How. (U. S.) 154, 155 ; Benj. Sales, §§ 415, 452, 888, and 889.

The judgment is affirmed.