GEORGE H. LOOMIS *vs.* SAMUEL S. PEASE.

Hampden. September 23, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deceit. Fraud. Contract,* Implied, Rescission. *Practice, Civil,* Amendment, Exceptions. *Election. Sale.*

At the trial of an action of contract to recover an amount paid by the plaintiff to the defendant in the purchase of shares of stock of a certain corporation after the purchase had been repudiated by the plaintiff on the ground that it was procured by deceit and fraud of the defendant, there was evidence tending to show that the plaintiff, at the time of the transaction in question, was a shareholder in and that the defendant was the treasurer and general manager of the corporation, that the corporation had issued new stock, giving the shareholders a right of purchase at par, the right to expire on a certain day; that, after the date of expiration of the right, the plaintiff inquired of the defendant by letter whether all of the new issue of stock had been subscribed for and that the defendant replied by letter that it had expired but that some shares could be procured at an advance above par; that the new issue was not all subscribed for; that, relying on the defendant's representation, the plaintiff purchased shares from the defendant at the advanced price and that the defendant knew the falsity of his representation and made it to induce the plaintiff to purchase. *Held,* that a question of fact was presented for the determination of the jury.

It appeared that the misrepresentation by the defendant, above described, was made in September, 1910, and that no attempt was made by the plaintiff to disaffirm the purchase until January, 1915. The plaintiff testified that he first discovered the falsity of the representation by the defendant in January, 1915. There was evidence warranting a finding that the plaintiff knew of the poor financial condition of the corporation before January, 1914. *Held,* that the question, whether the plaintiff acted without unreasonable delay, was for the jury.

A judge of the Superior Court presiding at the trial of an action of tort for damages arising from deceit practiced upon the plaintiff by the defendant and resulting in a purchase by the plaintiff of shares of stock in a corporation, has power in the midst of a trial of the action to allow the plaintiff to amend his writ and declaration to include a count in contract for the recovery, after a repudiation of the sale for fraud and deceit, of the amount paid by the plaintiff as the purchase price for the shares.

The bringing of the action, above described, solely in tort seeking damages resulting from the deceit inducing the sale was not an election to treat the contract as valid which precluded the plaintiff afterwards from recovering on

the count in contract, added by amendment as described above, for repayment of the purchase price upon rescission of the sale as invalid by reason of fraud.

The declaration in an action of tort or contract contained two counts in tort for damages resulting from deceit inducing the plaintiff to purchase shares of stock in a certain corporation and one count in contract repudiating the purchase for fraud and claiming a repayment of the purchase price, and alleged that "all of said counts are for one and the same cause of action." The jury returned a verdict for the defendant on each count in tort and for the plaintiff on the count in contract. After the verdicts, the judge, subject to an exception by the defendant,. permitted the plaintiff to amend the declaration by striking out the phrase, "all of said counts are for one and the same cause of action." *Held*, that, even if there was error in allowing the amendment, which was not determined, the defendant was not aggrieved thereby.

At the trial of the action above described, it was proper to refuse to grant a request of the defendant for a ruling that, if the representations made by the defendant and set forth in the count in contract "were made in good faith and were believed by him to be true," the plaintiff was not entitled to recover on that count.

An action of contract, which was brought after a repudiation by the plaintiff, for misrepresentations and fraud, of a purchase by him of shares of stock in a corporation, and in which he seeks to recover the amount of the purchase price, offering to return to the defendant the shares, cannot be maintained if it appears that the plaintiff has not returned nor offered to return dividends which he received upon such shares, amounting to $162.50.

TORT, afterwards by amendment TORT OR CONTRACT, with a declaration as amended in three counts, the first count being based upon false representations by the defendant as to the financial condition of the H. &. J. Brewer Company, whereby the plaintiff was induced to purchase shares therein from the defendant, and the second on false representations to the plaintiff as a shareholder in that company as to an issue of new shares having been fully taken up, so that the plaintiff was induced to purchase shares of such new issue from the defendant at an advanced price. In the third count it was alleged that the plaintiff repudiated the purchase above described because it was fraudulently procured and that he demanded back the purchase price, the plaintiff alleging "that upon learning that the representations above set forth were false he did repudiate the sale of the said shares to him by the defendant and did tender and offer to return the said shares to the defendant; and did demand return by the defendant to him of the money paid therefor; but the defendant, notwithstanding such offer and tender, did refuse to receive the said shares or return the said money, and stands ready and always has stood ready to return the same and offers

to return the same to the defendant and brings the same into court." Writ dated April 15, 1915.

In the Superior Court the action was referred to an auditor, and afterwards was tried before *Callahan,* J. The material evidence and rulings of the judge as to amendments are described in the opinion. At the close of the evidence, the defendant asked for the following rulings among others:

"3. On all the evidence the plaintiff is not entitled to recover on the third count."

"6. On all the evidence and pleadings the plaintiff is not entitled to recover on the third count."

"9. The representations set forth in the third count of the plaintiff's declaration are not actionable even if found to be false."

"12. The statements contained in the undated letter, written about the middle of September, 1910, by the defendant to the plaintiff and claimed by the plaintiff to contain the alleged false representations set forth in the plaintiff's third count, are not actionable even if found to be false."

"15. If the representations made by the defendant and set forth in the plaintiff's third count were made in good faith and were believed by him to be true, the plaintiff is not entitled to recover on the third count."

The jury found for the defendant on the first and second counts, and on the third count for the plaintiff in the sum of $4,845.04; and the defendant alleged exceptions.

*C. E. Bell,* for the defendant.

*A. S. Kneil,* for the plaintiff.

CARROLL, J. The plaintiff was the owner of seventy shares of the capital stock of the H. &. J. Brewer Company, a corporation of which the defendant was treasurer and general manager. In November, 1909, it was voted to increase the capital stock of the corporation by the issue of thirteen hundred additional shares each of the par value of $100. The stockholders were given the right to subscribe for the new stock at par, in the proportion of two new shares for three old ones. This right expired March 10, 1910. The plaintiff did not exercise this privilege and a considerable amount of the stock was not subscribed for. He testified that in September, 1910, he wrote the defendant asking if the business conditions of the company were good and "if the shares

of stock offered the stockholders at the last offering were all subscribed for by the stockholders entitled to the same;" that two or three days after this he received a letter from the defendant stating that the business was good and all the stock had been subscribed for and none of it was for sale; that twenty-five shares could be bought from a third person at the price of $140 a share; that relying on the representations contained in the defendant's letter of about the middle of September, 1910, he purchased from the defendant twenty-five shares of the capital stock of the company at the price of $140 per share. The auditor found that these twenty-five shares were a part of forty-five shares purchased at par from the corporation by the defendant and one Hapgood, who divided the proceeds of the sale to the plaintiff between them.

In April, 1910, it was voted that the treasurer sell the balance of the authorized stock " at one hundred and ten dollars per share" and that the treasurer "is authorized to reserve enough of the total capital stock now or hereafter issued so that the President and Treasurer shall maintain their control, at all times if they so desire, all stock issued now or hereafter not to cost them over one hundred dollars net, they being allowed a commission on all stock they should buy."

The plaintiff sued in tort. The declaration originally contained two counts alleging the deceit of the defendant in falsely representing that the financial affairs of the company were sound and that the stock offered to stockholders had been subscribed for by them. The case was referred to an auditor. Later, at the trial of the case before a jury, the plaintiff was allowed, against the defendant's exception, to amend his writ by adding the words, " or contract" so as to read, "to answer unto George H. Loomis in an action of tort or contract;" and subject to the defendant's exception, the plaintiff amended his declaration, the first two counts sounding in tort and the third in contract, the third count alleging that the defendant falsely represented that all the stock offered to the subscribers under the vote of November, 1909, had been subscribed for and the whole issue taken up by them, whereby the plaintiff was induced to purchase twenty-five shares of stock in the corporation; and that upon learning the representation was false, he repudiated the sale and tendered to the defendant the certificate of the twenty-five shares purchased. The jury returned

a verdict for the defendant on the first and second counts and found for the plaintiff on the third count.

1. Neither the plaintiff's letter asking if all the stock had been subscribed for by the stockholders, nor the defendant's reply thereto, was in evidence; but upon the testimony of both plaintiff and defendant the jury could find that the letter was written on September 15 or 20, and was answered in a few days by the defendant, who stated that all the stock mentioned had been subscribed for; and that on September 28 of the same year, the plaintiff sent the defendant a check in payment for the twenty-five shares. There was evidence that the representation was made to the plaintiff that the stockholders had subscribed for all the new stock. And it might be found that this was a material misrepresentation of fact, which induced the plaintiff to make the purchase; and the jury could say that the false statement was made as a part of the transaction of selling the defendant's stock to the plaintiff with a view to the plaintiff's acting upon it. A question of fact therefore was presented for the determination of the jury. See in this connection, *Fottler* v. *Moseley,* 179 Mass. 295; *Reeve* v. *Dennett,* 145 Mass. 23.

2. The misrepresentation relied on was made in September, 1910. No attempt to disaffirm the contract was made until January, 1915, and because of this delay the defendant contends that the plaintiff did not notify him within a reasonable time of his election to rescind and has lost his right to do so. The plaintiff testified that in January, 1915, he first discovered that all the stock had not been subscribed for. There was testimony tending to show the poor financial condition of the H. & J. Brewer Company prior to January, 1914, which indicated that the plaintiff could have known of the falsity of the representation before January, 1915; nevertheless, if the jury believed the evidence that in January, 1915, he first discovered the falsity of the representation, they could find there was no unreasonable delay in electing to disaffirm the contract. The question, whether the plaintiff acted without unreasonable delay on all the evidence in the case, was a question of fact for the determination of the jury.

3. The judge had the power to allow the amendments to the writ and declaration. The cause of action set out in the third count is based upon substantially the same misrepresentations as

those contained in the first and second counts, and the amendment did not add a new or independent cause of action not existing when the action was brought, as in *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. The plaintiff was seeking to preserve his rights and secure a remedy for the same wrong. The allowance of the amendment was for the court and no exception lies to the exercise of its discretion. *Tracy* v. *Boston & Northern Street Railway*, 204 Mass. 13, and cases cited.

4. The defendant contends that the original writ and declaration indicated an election to treat the contract as valid, and that, having so elected, the plaintiff cannot now recover on the count in contract based on a rescission of the contract. If the plaintiff had joined the two counts in tort and the one in contract in his original declaration, the action being brought in tort or contract, the counts in tort proceeding on the affirmation of the contract and the count in contract proceeding on its disaffirmation, the plaintiff could not be said to have elected, by taking both these positions, *Teague* v. *Irwin*, 134 Mass. 303, 306, *Whiteside* v. *Brawley*, 152 Mass. 133; and by subsequently amending his writ and declaration, he was not deprived of his rights to rely on the rescission of the contract. An "Election exists when a party has two alternative and inconsistent rights, and it is determined by a manifestation of choice. . . . But the fact that a party wrongly supposes that he has two such rights, and attempts to choose the one to which he is not entitled, is not enough to prevent his exercising the other, if he is entitled to that. There would be no sense or principle in such a rule." *Snow* v. *Alley*, 156 Mass. 193, 195. The cases of *Frisch* v. *Wells*, 200 Mass. 429, *Holman* v. *Updike*, 208 Mass. 466, *Labuff* v. *Worcester Consolidated Street Railway*, 231 Mass. 170, and *Schmidt* v. *Ackert*, 231 Mass. 330, are not at variance with this decision.

5. After the verdict of the jury the plaintiff moved to amend by striking out "all of said counts are for one and the same cause of action," to which the defendant excepted. The jury had already reported on the two counts in tort in favor of the defendant, and on the count in contract against the defendant, all in accordance with the instructions of the judge, to which no exception now material appears to have been taken. Even if there were error in allowing the amendment, which we do

not decide, the defendant was not aggrieved by this action of
the court.

6. The fifteenth request of the defendant was denied rightly.
The defendant made the misrepresentation as a part of the con-
tract of sale and hence must be held. *Nash* v. *Minnesota Title
Ins. & Trust Co.* 163 Mass. 574, 579. *Montgomery Door & Sash
Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 154. *Bates* v. *Cashman,*
230 Mass. 167.

7. The third count, on which the jury found for the plaintiff, is
in contract. It is based on the rescission of the contract and the
restitution of what the plaintiff received. On September 30, 1910,
the plaintiff bought twenty-five shares of the capital stock of the
corporation; he received dividends on these shares in November,
1910, in February, May, August and November, 1911, amounting
to $162.50. He testified that early in the year 1915 he offered to
return to Pease the certificate for twenty-five shares, but admitted
that he never returned or offered to return the dividends received.
To recover under this count the plaintiff must have disaffirmed
the contract and restored to the defendant the benefits derived
therefrom. He must have done everything within his power to
return to the defendant the property received and restore him to
the same condition as before the contract was made. *Dorr* v.
*Fisher,* 1 Cush. 271. *Bassett* v. *Brown,* 105 Mass. 551. *Nash*
v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 581. *Moore* v.
*Massachusetts Benefit Association,* 165 Mass. 517. *Ewing* v. *Com-
posite Brake Shoe Co.* 169 Mass. 72. *Webb* v. *Lothrop,* 224 Mass.
103. *Newbigging* v. *Adam,* 34 Ch. D. 582, 588, 589. The same
rule applies in equity. *United Zinc Co.* v. *Harwood,* 216 Mass.
474, 477. *Arnold* v. *Maxwell,* 223 Mass. 47.

The ownership of the certificate carried with it the right to the
dividends; and the offer to return the certificate while retaining
the dividends was not a complete restoration of the benefits
received and did not amount to a rescission of the contract.
*Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345, and
*Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 10, 11, are to
be distinguished in the first of these cases, the money paid was
treated as a payment on account; in the second it was said that a
party attempting to rescind a contract, who is retaining his own,
whichever party ultimately prevails is "not bound to restore that

which he has received by virtue thereof when, in any event, he is entitled to retain it as indisputably his own whatever may be the fate of his effort to rescind the transaction." It follows that the plaintiff cannot recover in this action and the defendant's exceptions must be sustained.

8. After the verdict the defendant moved that judgment be entered in his favor on the first and second counts. The judge declined to act on this motion. It does not appear that any exception was taken to this ruling. Subsequently the judge reported certain questions to the Supreme Judicial Court. As the exceptions must be sustained, we do not find it necessary to consider the questions raised by the report.

*Exceptions sustained.*