JOHN J. CUMMINGS *vs.* HOTCHKIN CO.

Suffolk.    February 6, 1935. — September 12, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Sale,* Rescission, Of securities. *Tender.*

In rescinding a purchase of shares of stock sold in violation of G. L. (Ter. Ed.) c. 110A, § 5, through failure to file notice of intention to offer them for sale, the buyer, before bringing an action for the purchase price, must put the seller *in statu quo* by proper tender of the shares and of all dividends received.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 21, 1933.

On removal to the Superior Court, the action was heard without a jury by *Goldberg,* J., who found for the defendant. The plaintiff alleged exceptions.

*S. L. Solomont,* (*M. E. Gallagher, Jr.,* with him,) for the plaintiff.

*M. Jenckes,* (*J. L. Hall & S. L. Gwin, Jr.,* with him,) for the defendant.

RUGG, C.J.    The plaintiff seeks in this action of contract to recover the purchase price of shares of stock in a corporation bought by him from the defendant in 1928. The case

was submitted to the trial judge upon facts agreed upon by the parties and upon testimony as to the ownership of the stock when tendered. The trial judge made findings of fact and rulings of law. The plaintiff presented requests for rulings of law, two of which were granted and the others denied. The case comes before us on the plaintiff's exceptions to the "rulings and findings" made by the trial judge.

The material facts are in substance these: The defendant sold the shares of stock to the plaintiff, who borrowed from the Lawrence Trust Company the money necessary to pay for them and deposited the shares as collateral for the loans. Before the purchase of the stock by the plaintiff, no notice of intention to offer for sale the stock of the corporation had been filed as required by G. L. (Ter. Ed.) c. 110A, § 5, the stock being a security not exempt from the operation of that section. Such notice was filed on September 18, 1933. It was agreed by the parties that, if such notice of intention to sell had been filed prior to the sale by the defendant to the plaintiff, the stock would have been qualified for sale forthwith. The son of the plaintiff, who acted for him in all these transactions, was in possession of full information relative to the corporation before the purchase of the stock. He was a registered salesman of securities in this Commonwealth, but had no actual knowledge that notice of intention to sell shares of stock in this corporation had not been filed until about six weeks before the commencement of the present action. Prior to the bringing of this action and before January 15, 1931, the plaintiff had received $5,212.50 in dividends on the stock purchased. He testified that from 1929 to 1933 he signed various proxies to vote at stockholders' meetings of the corporation. Certificates for the shares of stock since the purchase have remained continuously with the Lawrence Trust Company as collateral security for the note of the plaintiff or of his son, and have never been out of its possession except that certain shares were sent to a broker for sale, were not sold and were returned, and except when used for purposes of tender. The plaintiff did not tender

the whole or any part of the dividends received by him on the stock until after the case was reopened for that purpose. The present action was commenced on July 21, 1933. After service had been made on the banks named in the writ as trustees, a representative of the plaintiff accompanied by a representative of the Lawrence Trust Company appeared at the office of the defendant, tendered the shares of stock to the clerk of the defendant corporation and demanded the return of the purchase price of the stock. This clerk informed the plaintiff's representative that he could not do anything about it and suggested that he return later when the other officers of the defendant corporation, who were out to lunch, would return. The plaintiff's representative declined to do so and called the deputy sheriff who was waiting in the corridor outside the defendant's office. The deputy sheriff thereupon made service upon the clerk of the defendant corporation. The plaintiff's representative did not tender the sum of money received by the plaintiff as dividends on the stock, or any sum of money, to the defendant's clerk. The representative of the Lawrence Trust Company permitted the plaintiff's representative to take the stock for the purpose of making a tender to the defendant and he intended to give up possession of the stock only if simultaneously the defendant returned the purchase price of the stock. In November, 1931, various notes of the plaintiff were consolidated and a single new note signed by the son alone was given to the trust company in place of the previous notes, and the shares of stock were held in addition to other securities as collateral on this new note. No finding was made by the trial judge as to the ownership of the stock at the time of the tender.

The trial judge found and ruled that this was not a proper tender because the plaintiff did not tender the amount received by him in dividends on the stock, that the tender of the stock was made after the commencement of the present action, that the sales of the stock by the defendant to the plaintiff were voidable at the plaintiff's instance and that "the plaintiff, not having made a proper tender to the

defendant prior to the commencement of this action, cannot recover on any count" of his declaration.

After the evidence was closed, upon motion by the plaintiff and in the exercise of his discretion, the trial judge "reopened the case for the purpose of permitting the plaintiff to make a further tender." In open court the attorney for the plaintiff then tendered the shares of stock and the amount received in dividends. There were no State or Federal transfer stamps on any of the certificates of stock. The shares were brought to court by a representative of the Lawrence Trust Company and turned over to the plaintiff's attorney for the purpose of making a tender. That representative stated that the only reservation the bank placed upon the stock was that its note be paid in whole or in part at some time or that the stock be returned to the bank. The defendant's attorney in reply to a question said that he had no authority either to accept or to reject the tender. The trial judge ruled that this tender was made too late and had no effect on the plaintiff's rights. A finding was made for the defendant on each count of the declaration.

It is plain from these facts that the plaintiff was not imposed upon in the purchase of the stock. Through his son and agent the plaintiff had full knowledge touching the corporation before buying the shares. The facts show that the shares must have had substantial value. The plaintiff received a considerable income in dividends paid to him on the shares. He retained the stock for more than five years and participated as shareholder in the meetings of the corporation. Every consideration of equity and fair dealing requires the plaintiff to return the stock and the profits realized on it to the defendant before seeking to recover from the defendant the price paid for the stock. The technical differences between void and voidable contracts do not prevent the result required by conscience and justice on the facts here disclosed. If, after acquiring full information that no notice to sell the stock had been filed as prescribed by the statute, the plaintiff had chosen to continue to hold the stock and to participate as a shareholder in the affairs of the corporation, he would have obtained a suffi-

cient title. *Skinner Irrigation Co.* v. *Burke,* 231 Mass. 555. *Wellington* v. *Jackson,* 121 Mass. 157. *DiLorenzo* v. *Atlantic National Bank of Boston,* 278 Mass. 321, 325–326. *Myers* v. *Meinrath,* 101 Mass. 366. *United States* v. *New York & Porto Rico Steamship Co.* 239 U. S. 88, 93. The statute here involved was discussed in *Kneeland* v. *Emerton,* 280 Mass. 371. It there was said at page 378 that a contract like the one involved in the case at bar was void "at the instance" of the purchaser of the stock and that such purchaser "upon rescission of the transaction" might recover the price he had paid for the stock. So, also, in *Bauer* v. *Bond & Goodwin Inc.* 285 Mass. 117, 120, allusion is made to rescission as the right of the buyer of stock. These expressions indicate that the purchaser in the circumstances disclosed on the present record must take active steps to put himself in a position to treat his contract of purchase as void, before he can maintain his action against the seller. See in this connection *Green* v. *Kemp,* 13 Mass. 515, 518; *Snow* v. *Lang,* 2 Allen, 18, 19; *Kelly-Buckley Co.* v. *Cohen,* 195 Mass. 585, 588; *Commonwealth* v. *Weiher,* 3 Met. 445, 448; *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292; *Oakes* v. *Manufacturers' Fire & Marine Ins. Co.* 135 Mass. 248; *Doherty* v. *McAuliffe,* 74 Fed. Rep. (2d) 800. Without discussing technical niceties of distinction between void and voidable contracts with reference to conceivable situations under G. L. (Ter. Ed.) c. 110A, § 5, the facts in the case at bar made necessary a tender by the plaintiff to the defendant of the stock and the dividends received on it as a prerequisite to bringing action to recover the price paid for the stock. On the present facts there was no reversible error in the denial of the requests of the plaintiff.

It is plain that no sufficient tender was made by the plaintiff, either before action was brought or at the conclusion of the evidence. It was made too late. It did not put the parties *in statu quo. Stiff* v. *Keith,* 143 Mass. 224, 225. *Drohan* v. *Lake Shore & Michigan Southern Railway,* 162 Mass. 435. *O'Shea* v. *Vaughn,* 201 Mass. 412, 422. *Owen* v. *Button,* 210 Mass. 219. *Loomis* v. *Pease,* 234 Mass. 101, 107.

It follows that the exceptions of the plaintiff must be overruled. There is no occasion to do more than enter the usual rescript to that effect. The argument of the defendant for an order for final judgment in its favor under G. L. (Ter. Ed.) c. 231, § 124, is not appropriate to the record and facts.

*Exceptions overruled.*