W. A. BROWN, APPELLANT, v. W. H. H. WATERS, AND GEORGE NORTH, APPELLEES.

1. **Fraud:** RESCISSION OF CONTRACT. To entitle a party to rescind a contract for the sale of chattels on the ground of fraud he must offer to return the property received by him and demand a rescission within a reasonable time after the discovery of the fraud.

2. ——: ——. If a party be induced to purchase an article by fraudulent misrepresentations of the seller respecting it, and after discovering the fraud continue to deal with the article as his own he cannot recover back from the seller the money paid for it.

3. ——: ——. In this case there having been a delay of from five to six months after discovering the fraud, and no offer to restore the property or to account for its use, equity will not lend its aid by decreeing a rescission of the contract, but will leave the plaintiff to the ordinary modes of redress which the law affords.

APPEAL from the district court for Otoe county.

It was a suit in equity, the plaintiff, Brown, alleging fraud on the part of Waters in the sale of certain personal property, and praying that certain notes and mortgages given in payment of said property be canceled, and that said defendants, Waters and North, to whom it was alleged the notes of plaintiff to defendants were sold and assigned before due, be enjoined from prosecuting any suit brought on said mortgages or the notes secured thereby. The cause was referred to George W. Covell to take proofs and find the facts. January 12, 1876, Brown moved for an order confirming the referee's report and asking for a decree as prayed for in plaintiff's petition. At the March, A.D. 1877, term of the district court, the motion to confirm report of referee and render decree as prayed, was by said court overruled in part and sustained as to a part thereof by confirming the re-

port and finding of the referee; but the said court refused to order a decree thereon, for the reason that the facts stated in the report and finding of said referee did not entitle the said plaintiff to the relief prayed for in said plaintiff's petition, nor to any relief whatever. And on the 21st day of March, A.D. 1877, it was by said court ordered and decreed that the petition of plaintiff be dismissed at his costs. He appeals.

*C. W. Seymour* and *S. H. Calhoun*, for appellant.

1. Where a party represents as true that which he knows to be false, and makes the representation in such a way, or under such circumstances as to induce a reasonable man to believe that it is true and is meant to be acted on, and the person to whom the representations have been made, believing it to be true, acts upon the faith of it, and by so acting sustains damage, there is fraud to support an action of deceit at law and to be ground for the decision of the transaction in equity. *Evans v. Bicknell*, 6 Vesey, 174. *Donelson v. Young*, Meigs, 155. No precise limit of time can be stated within which the interposition of the court must be sought. What is a reasonable time cannot well be defined so as to establish any general rule, and must in a great measure depend upon the exercise of a sound discretion of the court under all the circumstances of each particular case. *Gresley v. Mousley*, 4 DeGex & Jones, 78. *Hawley v. Cramer*, 4 Cow., 717. *Hallet v. Collins*, 10 How., 174. *King v. Morford*, Saxton, 274. *Nelson v. Carrington*, 4 Munf., 332.

2. If the thing sold differs in substance from what the purchaser was led by the vendor to believe he was buying, there is no contract. *Gomperty v. Bartlett*, 2 Ellis & Blackburn, 849. *Gurney v. Wormersley*, 4 Id., 133.

3.   If the contract is affirmed by the vendee after the discovery of the fraud it merely extinguishes his right to rescind; his other remedies remain unimpaired. *Peck v. Brewer*, 48 Ill., 55.   *Whitney v. Allaire*, 4 Denio, 554.   *Weimer v. Clement*, 37 Penn. State, 147.   *Herrin v. Libbey*, 36 Maine, 350.

*Mason & Whedon* and *M. L. Hayward*, for appellees.

The plaintiff sets forth in his bill of complaint that the notes of plaintiff to defendant were sold, assigned, and transferred before due, and that the purchaser, North, had due and legal notice of all equities existing between the parties.   This being the case, any defense could be pleaded in an action at law upon the notes in the hands of the purchaser, North, and the complainant having a free and adequate remedy at law, a court of equity will not take jurisdiction.   *Redmond v. Dickenson*, 9 N. J. L., 507.   *Bonebright v. Pease*, 3 Mich., 318.   *Foster v. Swasey*, 2 Woodb. and M., 217.   *Coowbe v. Meade*, 2 Cranch C. Ct., 547.   *Drew v. Haynes*, 8 Ala., 438.   *Field v. Jones*, 10 Ga., 229.   *Koockogey v. Flewellen*, 23 Id., 608.   *Ross v. Buchanan*, 13 Ill., 55.   *Kyle v. Frost*, 29 Ind., 382.   *Clausen v. Lafrenz*, 4 Greene, 224.   *Smith v. Short*, 11 Ia., 523.   *Clayton v. Cally*, 4 Md., 26.   *Kimball v. Grafton*, 20 N. H., 347.   *Burnham v. Kempton*, 44 Id., 78.   *Wheeler v. Taylor*, 9 Ind., 225.   *Patterson v. Lane*, 35 Pa. St., 275.   *Gallager v. Fayette*, 38 Id., 102.   Nor will legal proceedings be enjoined on grounds of which the person aggrieved may avail himself in defense of the action at law. *New York v. America*, 11 Paige, 384.   *Branchamp v. Putnam*, 34 Ill., 378.   *Fullen v. Caldwell*, 6 Allen, 503.   *Chambers v. Gaba*, 26 Ga., 167.   *Gibson v. Moore*, 22 Tex., 611.   *Hood v. New York*, 23 Conn., 609.

LAKE, J.

This is an appeal from Otoe county. The main question for consideration is whether upon the facts found by the referee under the pleadings the district court was right in denying the relief prayed.

This case was commenced on the second of December, 1872, and in effect its object was the rescission of a contract made on the twenty-first of May of that year, by which the defendant Waters sold and transferred to the plaintiff, and one Roberts, what was known as the Chronicle printing establishment, including the press, types, subscription list, etc., for the agreed price of six thousand dollars. Of this sum five thousand dollars were made payable in five equal installments, at six, twelve, eighteen, twenty-four, and thirty months respectively, and promissory notes given accordingly, secured by mortgages upon the property in question, and certain lots in Nebraska City. For the balance the purchasers assumed and subsequently paid certain claims then existing against the establishment for which Waters was liable.

In addition to these facts, about which there was no dispute, the referee found from testimony taken before him, that in making the sale Waters was guilty of many false and fraudulent representations respecting the condition of the property, especially as to the press, the number of subscribers, and the advertisements then in the paper, by which the purchasers were probably induced to pay a much larger price than they otherwise would, and considerably more than the property was worth. And it is right here, upon this question of fraud on the part of Waters, and the conduct of the parties on discovering it, that the whole equity of the case hinges.

In the petition it is not stated at what time the imposition was first discovered, which we regard as a very

serious omission. But on this point the referee finds that Brown and Roberts ascertained the true condition of the property " a short time after they purchased the *Chronicle* outfit and took possession of the same." And this must have been so from the very necessities of the case. But the referee did not find, nor was there any testimony to prove, that the purchasers, on discovering the fraud, took any steps, or in any way sought to rescind the contract. On the contrary, the referee does find that they kept the property, using it as their own, until the fifteenth of July, when Roberts sold out his interest to Brown, who continued to hold and use it without complaint, so far as is shown, until the last of November, when, the first note falling due, and not being paid, Waters took possession of it by an order of replevin under the authority of his mortgage. Up to this time no complaint appears to have been made of any fraud or imposition on the part of Waters in making the sale. Under these circumstances, was the plaintiff in a situation entitling him to a rescission of the contract?

It seems to be well settled that to entitle a party to rescind a contract for the sale of chattels on the ground of fraud he must offer to return the property received by him and demand a rescission within a reasonable time after the discovery of the fraud. *Herrin v. Libbey*, 36 Me., 350. *Masson v. Bovet*, 7 Denio, 69. *Lindsley v. Ferguson*, 49 N. Y., 623. 2 Parsons on Contracts, 279. *Willoughby v. Moulton*, 47 N. H., 205. *Campbell v. Fleming*, 1 Ad. & Ell., 40.

In the case last cited it was considered that: " If a party be induced to purchase an article by fraudulent misrepresentations of the seller respecting it, and after discovering the fraud continue to deal with the article as his own he cannot recover back the money from the seller."

And it has been held that where there is no testi-

mony tending to show that so long a period was necessary, a delay of two months and a half after discovering the fraud was beyond a reasonable time. *Kingsley v. Wallis*, 14 Me., 57. Here, however, we have not only a delay of from five to six months, and in the meantime a sale by one of the parties to the purchase of his interest to the other, but the further fact that at no time has the offer been made either to restore the property or to account for its use during the six months it was so held. We do not think that a case can be found where, under such circumstances, a court of equity has decreed the rescission of a contract.

Under these circumstances equity will not lend its aid, but the plaintiff must rely upon the ordinary modes of redress which the law affords, either by resisting the collection of the notes, or by bringing an action for the recovery of the damages occasioned by the fraud.

JUDGMENT AFFIRMED.