FREDERICK K. BABCOCK v. CAROLINE A. PURCUPILE.

36  417
48  126
36  417
58  497

FILED MARCH 16, 1893.    No. 4720.

1. **Contract**: SALE: RESCISSION. *Held,* That the defendant was not entitled to rescind the contract, and that plaintiff was entitled to recover the unpaid purchase price of the eggs.

2. ——: ——: ——: REVIEW: HARMLESS ERROR. *Held,* That the giving of the instructions, set out at length in the opinion, is not reversible error, since the verdict of the jury is the only one which should have been returned under the testimony.

ERROR from the district court of Douglas county.  Tried below before DOANE, J.

*Wharton & Baird,* for plaintiff in error.

*V. O. Strickler, contra.*

NORVAL, J.

This action was brought by defendant in error to recover the value of eleven cases of eggs, sold and delivered by her to plaintiff in error.   There was a trial to a jury, who returned a verdict in favor of the plaintiff below for the sum of $41.37, and for which amount judgment was rendered.

In 1888, defendant in error was engaged in the general merchandise business at Auburn, this state, the business being conducted by her husband, J. C. Purcupile.   During the same time plaintiff in error was engaged in the grocery business in the city of Omaha.   Prior to December 18 of that year, Mrs. Purcupile had sent Mr. Babcock several consignments of butter and eggs, on account of which he owed her a balance amounting to $31.65.   On said date she also sold and delivered to him eleven cases of eggs, to

recover the purchase price of which this action was brought. Mr. Babcock admits the purchase and delivery of the eggs, but he insists, and the testimony on his behalf tends to show, that he bought them upon the expressed condition that the plaintiff would permit him to apply as a credit the said sum of $31.65, due her upon former shipments, on an account for groceries which had been previously contracted by J. H. Purcupile, a brother-in-law of the defendant in error, and that in pursuance of said agreement he so applied the money; that subsequently defendant in error objected to such application, and thereupon Mr. Babcock shipped by express to her address, at Auburn, six cases of the eggs, the other five cases having been previously disposed of. It is undisputed that prior to the bringing of the action plaintiff in error paid Mrs. Purcupile the above mentioned sum of $31.65, and also for the five cases of eggs which he had sold; but that he has failed and refused to pay for the other six cases. The evidence fails to show that defendant in error ever received the six cases in question. The testimony introduced by plaintiff in error to the effect that the eggs were purchased upon condition that the above mentioned sum should be credited to J. H. Purcupile's account was contradicted by other testimony on behalf of the defendant in error. J. C. Purcupile, the husband of Caroline A., and who made the sale for her, and his father Archibald, who was also present at the time the sale was made, each testified that the eggs were purchased unconditionally; that Mr. Babcock at the time asked that the balance due from him to plaintiff below on former shipments be applied on the account of J. H. Purcupile, and that such request was refused.

At the trial exceptions were taken to the giving of the third, fourth, and sixth paragraphs of the court's charge to the jury, and the principal grounds upon which we are asked to reverse the judgment are based upon said instructions. The instructions complained of are as follows:

"3. Even though you should find from the testimony that the eggs were purchased by the defendant upon the condition claimed by him, it was his duty, if he desired to rescind the contract by reason of the refusal of the plaintiff to comply with the condition, to return or offer to return the eggs, which he claimed were so conditionally purchased, to the plaintiff, and if, having disposed of a substantial part of such purchase, he had placed it beyond his power to return the eggs purchased under such condition, it is not in the power of the defendant to rescind the contract in part and to take the benefit of it in part. The return of a portion of the eggs therefore by the defendant to the plaintiff without the consent of the plaintiff did not relieve the defendant from liability for the purchase price of the eggs sold and delivered to the defendant.

"4. If, at the time of the purchase of the eleven cases of eggs by the defendant, it was agreed as part of the transaction that the amount due upon former shipments by the plaintiff to the defendant should be credited upon the amount due from J. H. Purcupile to the defendant, and that was done as claimed by the defendant, such agreement and credit became a closed transaction, and any demand subsequently made by the plaintiff from the defendant for payment of such old account would not justify the defendant in rescinding the contract of purchase of the eleven cases of eggs, especially after the plaintiff had disposed of a substantial part of such purchase; but in such case the remedy of the defendant was to insist upon the agreement, and refuse payment of such old account, which had been already paid by the credit upon the account of J. H. Purcupile, as claimed by the defendant.

"6. The fact that the defendant shipped six cases of the eggs to the plaintiff at Auburn, Nebraska, would not relieve defendant from his liability to pay for the same in the absence of proof that the eggs so shipped were accepted by the plaintiff, or that the defendant had the right to rescind

his contract of purchase, and if he undertook so to re-
scind, it was his duty to place the plaintiff in *statu quo* by
returning all the eggs included in his purchase."

Counsel for defendant below concede that the general
rule requires a party desiring to rescind a contract to place
the other party in *statu quo*, but insist that the rule is not
absolute; that in the case at bar Babcock was required
only to do what he could to place the plaintiff in the same
position; that having sold a part of the eggs and paid the
seller for the same, the buyer, in order to rescind, was only
required to return the eggs unsold; hence the instructions
were erroneous. In the view we take of the case we do
not deem it important to decide whether the charge of the
court correctly laid down the law relating to the rescission
of a sale of personal property, for it is to us plain that
that there is no legal ground, either alleged or proved, for
the rescission of the purchase in the case under considera-
tion. In the first place, the defendant was not induced to
enter into the contract under a mistake of fact, or through
the false or fraudulent representations of the plaintiff as to
an existing fact. All that is claimed is that the latter
agreed that the former might apply the sum due on prior
purchases on the indebtedness of J. H. Purcupile, and that
plaintiff subsequently objected to such credit being made.
Such refusal was not a sufficient excuse for rescinding the
contract. If the eggs were bought upon the condition
claimed by the defendant, he could have credited the
brother-in-law's account with the amount due plaintiff on
former consignments, and she could not have collected the
same. But he voluntarily paid the money to plaintiff,
which constituted a modification of the contract, and de-
fendant is bound by the contract thus modified.

Again, the defendant is not entitled to a rescission for the
reason that he did not return, nor offer to return, the eggs at
the place where he received them. They were delivered to
him in Omaha, while he sought to rescind by shipping a

portion of the eggs to plaintiff at Auburn several weeks after the purchase. We think upon the record before us the jury would not have been justified in returning a different verdict; hence defendant was not prejudiced by the instructions above mentioned. The judgment of the court below is

AFFIRMED.

THE other judges concur.