BUILDING & LOAN ASSOCIATION OF DAKOTA V. JAMES M. CAMERON.

FILED APRIL 21, 1896. No. 6275.

1. **Pleading: PRACTICE.** Where a petition contains several causes of action the trial court should, on the motion of the defendant, require them to be separately stated and numbered. (*Schuyler Nat. Bank v. Bollong*, 24 Neb., 821.)

2. **Contracts: FRAUD: RESCISSION: RETURN OF PROPERTY.** One who seeks to rescind a contract on the ground of fraud must, within a reasonable time, offer to return the property or consideration therefor received by him, provided it be of any value.

3. ———: ———: ———: ———. Property, the loss of which would in any way result in disadvantage or inconvenience to the adverse party, must, in such case, be returned although it possesses no intrinsic or market value.

4. **Building and Loan Associations: SALE OF STOCK: FRAUD: RESCISSION.** The plaintiff, a subscriber to the stock of a foreign building and loan association, sued to recover money paid for such stock, alleging a rescission of his contract of subscription on account of the false and fraudulent representations of the defendant's agent. *Held*, In the absence of evidence to the contrary, that said stock is presumed to be of some value and its surrender is a condition precedent to the right to rescind.

ERROR from the district court of Lancaster county. Tried below before TUTTLE, J.

*Leese & Starling* and *Stewart & Munger*, for plaintiff in error.

*Field & Holmes, contra.*

POST, C. J.

This was an action by the defendant in error, who claims on his own account, and as assignee of L. R. Kinnan, Olaf Matteson, John P. Yates, James M. Hamilton, William T. Marsh, W. T. Stretch, and F. P. Storey, against the plaintiff in error, the Building & Loan Asso-

ciation of Dakota, hereafter called the "association." In the petition it is, in substance, alleged that in the month of July, 1889, one Misner, a representative of the defendant below, visited the village of Ceresco, the home of the plaintiff therein and his assignors, and represented to said parties that the said defendant was prepared to make loans upon real estate at six per cent interest, without the payment of any commission, provided the proposed borrowers would subscribe for the stock of the defendant association and organize what is known as a local board in said village, and that all amounts paid for such stock would be credited upon the notes given by subscribers for money so borrowed; that, relying upon said promises and representations, the plaintiff and his assignors advanced to the said association the sum of $224 in payment for stock by them severally subscribed for, and for the sole purpose of procuring loans in accordance with the terms and conditions mentioned in their agreements with the said Misner, but that the said association refused to make the said loans, or any of them, upon the stipulated terms; and, on the contrary, imposed other and different conditions so unreasonable in character that they could not be complied with by said subscribers, or any of them; that said representations were false and made by said Misner for the purpose of cheating and defrauding the parties named, and that upon the refusal of the association to make such loans in accordance with the agreement of its agent, and upon learning of the fraud practiced upon them, the several subscribers elected to rescind their contracts of subscription and demanded a return of the money paid and advanced by them. There is a second cause of action for the sum of $214, as compensation earned by the plaintiff in procuring applications for loans under an agreement with the said Misner, acting in behalf of the defendant. There was a trial before the district court for Lancaster county, resulting in a verdict and judgment for the plaintiff therein in the sum of $224, which has been removed into this court for

review by means of the petition in error of the defendant association.

The first proposition to which we will give attention is that the several causes of action should have been separately stated and numbered. Objection upon that ground was made at every stage of the proceedings before the district court, including the answer, to which reference will hereafter be made. That the wrong, if any, to each of the parties named is a separate cause of action, for which each might have recovered in his own name, cannot be doubted. The Code of Civil Procedure, section 93, provides that "where the petition contains more than one cause of action, each shall be separately stated and numbered," and this provision applies to all wrongs for which separate actions will lie. (Maxwell, Code Pleading, p. 342; Kinkead, Code Pleading, p. 18; *Schuyler Nat. Bank v. Bollong*, 24 Neb., 821.) It follows that the district court should have required the plaintiff to separately state and number his causes of action, and its ruling in that behalf is error calling for a reversal of the judgment.

Another fatal objection to the judgment complained of is that the plaintiff below has at no time tendered or offered to return the stock issued to the several subscribers therefor. The first cause of action is not the failure to make the promised loans, nor the difference between the actual worth of the stock and its value as represented by Misner, the defendant's agent, but to recover the money paid, on the theory of a rescission of the contract. It has been often held, and may be regarded as elementary law, that one who seeks to rescind a contract on the ground of fraud must offer to return the property or consideration received therefor by him, provided it be of any value, within a reasonable time. (*Clark v. Tennant*, 5 Neb., 549; *Brown v. Waters*, 7 Neb., 424; *Babcock v. Purcupile*, 36 Neb., 417; *Gould v. Cayuga County Nat. Bank*, 86 N. Y., 75; *Graham v. Meyer*, 99 N. Y., 615.) In *Snow v. Alley*, 144 Mass., 555, it is said: "The right to rescind or avoid a contract proceeds upon the ground that a party

has been fraudulently betrayed into making it, and, having thus been induced to part with his own property, may resume possession of it on returning that which he has himself received, and thus placing the other party in the same position that he was before the contract was made. * * * Where property is entirely worthless, it need not indeed be returned; but so strictly has this rule been held that articles which are of the slightest value, or the loss of which may be a disadvantage in any way, must be returned even if they have no intrinsic or market value, as casks containing worthless lime, or sacks which have been on bales of wool;" citing *Conner v. Henderson*, 15 Mass., 319; *Morse v. Brackett*, 98 Mass., 205; *Bassett v. Brown*, 105 Mass., 551; *Estabrook v. Swett*, 116 Mass., 203. The stock issued to the plaintiff and his fellow-subscribers is personal property (2 Beach, Private Corporations, sec. 612), presumably of some value, and the surrender thereof, or an offer to surrender it to the defendant association, is an essential condition to the right to rescind. The judgment is therefore reversed and the cause remanded for further proceedings in the district court.

REVERSED.