## NANCY A. SANDERS, APPELLEE, V. ISAAC NIGHTENGALE, APPELLANT.

### FILED FEBRUARY 15, 1923. No. 22223.

1. **Fraud:** QUESTION FOR JURY. In an action for damages for fraud and deceit in the sale or exchange of property, it is for the jury to determine from the evidence whether facts and circumstances are established which show that plaintiff was justified in relying on the representations made by defendant, and whether such representations were made to induce the exchange of properties.

2. **Trial:** INSTRUCTIONS. "Instructions stating the law correctly as a whole, held sufficient, though one or more of them, taken separately, may not have been accurate." Smith v. Meyers, 52 Neb. 70.

3. **Appeal:** NEGLECT OF OFFICER. "Where a party free from fault or laches is prevented from having his appeal docketed in the appellate court within the statutory period solely through the neglect or failure of the proper officer to prepare the transcript of the proceedings, the law will not permit him thereby to be deprived of his appeal." Continental Building & Loan Ass'n v. Mills, 44 Neb. 136.

4. **Evidence** examined, and held that it supports the verdict.

APPEAL from the district court for Madison county: WILLIAM V. ALLEN, JUDGE. Affirmed.

M. D. Tyler and Mapes, McFarland & Mapes, for appellant.

William L. Dowling and Earl J. Moyer, contra.

Heard before MORRISSEY, C.J., LETTON, DEAN and GOOD, JJ., RAPER, District Judge.

DEAN, J.

Mrs. Nancy A. Sanders began this action to recover damages in the sum of $6,750 from defendants, Isaac Nightengale and Fred H. Ellis, which she alleged grew out of the exchange of a farm of 194 acres owned by her in Holt county, which was incumbered by a mortgage of $2,000, for a 12-room hotel property and three town lots on which it was situated, in the village of Winslow, Dodge county. As a part of the same transaction she

gave back a $3,000 mortgage to Nightengale on the hotel property, on the theory that it exceeded the value of her equity in the farm in that amount. She alleged that the exchange was effected by misrepresentations and fraud practiced upon her by defendants in respect of the value of the property which she received in exchange. The jury returned a verdict for $3,500 against defendant Nightengale; and he has appealed from the judgment rendered thereon.

When the exchange was made Mrs. Sanders was a widow about 54 years of age and without business experience. Two of her sons were then in the army and she had no person upon whom to rely for advice. When the trade was made she was employed as a nurse in the home of a family at Norfolk. When the case was tried she was employed as a housemaid. She testified that defendant Ellis, a real estate man, was a schoolmate and a professed friend, and that he introduced the subject of making the exchange to her.

After some preliminaries it appears that Ellis arranged for a meeting of plaintiff and defendant, at which Ellis was present, where the contract, except as to the formality of signing, was agreed upon. There is evidence tending to prove, and which would justify the jury in the belief that the meeting of the parties and the exchange of properties was brought about by Ellis, and that from the inception of the plan Nightengale secretly connived with him to that end.

Plaintiff testified that, when the parties met pursuant to the arrangement, the value of the respective properties was discussed by defendant and Ellis and herself, and that both of them told her that the hotel was a good paying investment and of much greater value than her farm and that it would yield a better income. She was also advised that, practically alone as she was in the world, she could carry on the hotel with much greater convenience than she could carry on a farm in Holt county;

that she believed and relied on and acted on the representations so made with respect to the hotel, its value, its paying qualities and the like, was testified to by her. All of the representations so made she said she afterwards found out were false and untrue and made to cheat and defraud her.

At the trial it was shown that the hotel property had been vacant for some time before the trade was made, and that, shortly before, Nightengale, by his own admission, procured a man to move in and with his family occupy it, rent free, to keep the hotel open and keep up the insurance. It appears that it was so occupied when plaintiff visited the property, but she testified that she did not know and was not informed of the character of the occupancy at the time.

Plaintiff called three or four witnesses who testified respecting the value of plaintiff's farm and its improvements when the trade was made, from which it was made to appear that the property was worth from $55 to $60 an acre. Three or four witnesses, residents of Winslow, testified that Nightengale's town property was worth not to exceed $2,500 or $3,000. On the part of Nightengale, the evidence of several witnesses was introduced tending to prove that the hotel property was worth $5,000 or $6,000.

Nightengale testified that he never saw the Holt county farm before the contract was closed, and for his defense he relies in part upon plaintiff's visit to the hotel property before she signed the contract. He also contends that the value of the farm was misrepresented and that it was not worth $20 an acre. To substantiate this contention he produced three or four witnesses and they testified that its value did not exceed $18 an acre. However, the value of the respective properties and the evidence in respect of fraud and deceit, being questions of fact, were all properly submitted to the jury. It follows that the verdict should not be disturbed merely because of a conflict in the evidence.

*Harris v. Polk Investment Co.*, 188 Ia. 1259, is a case
where a purchaser went upon the land in suit after
certain representations concerning its condition in that
it was not subject to flood-waters and the like, were
made by the seller, and which afterwards proved to be
false. The court said: "Whether a purchaser is deceiv-
ed or not is ordinarily a question of fact for the jury.
No general rule can be laid down that is applicable to
all cases."

Plaintiff testified that, when she found out the fraud
that had been perpetrated, she called on Nightengale
and proposed that they trade back the respective prop-
erties. He told her that, having sold the farm, it was
not in his power to do so. He also advised her that a
trade was a trade and that she would have to abide by
it, or words to that effect.

It is elementary that, in an action for damages for
fraud and deceit in the sale or exchange of property, it
is for the jury to determine from the evidence whether
facts and circumstances are established which show that
plaintiff was justified in relying on the representations
made by defendant, and whether such representations
were made to induce the exchange of properties. The
rule is stated in *Realty Investment Co. v. Shafer*, 91 Neb.
798.

Defendant criticises one of the instructions. But,
when all are construed together, they properly state
the law. The verdict is amply supported by the evidence.
Reversible error cannot be predicated upon the giving
of the instruction of which complaint is made. *Smith v.
Meyers*, 52 Neb. 70.

The transcript in this case was filed out of time and
defendant in apt time moved for that reason for a dis-
missal of the appeal. It is shown, however, that the
delay was caused on account of the press of other official
business in the office of the clerk of the district court,
and through no fault of defendant. We overruled the
motion to dismiss on the authority of *Continental Build-*

*ing & Loan Ass'n v. Mills*, 44 Neb. 136, where it was held: "Where a party free from fault or laches is prevented from having his appeal docketed in the appellate court within the statutory period solely through the neglect or failure of the proper officer to prepare the transcript of the proceedings, the law will not permit him thereby to be deprived of his appeal."

Finding no reversible error, the judgment is

AFFIRMED.