JAMES MURRAY, APPELLEE, v. ROYAL C. BAILEY ET AL., APPELLANTS.

FILED APRIL 10, 1923. No. 22228.

1. **Sales:** RESCISSION. Where the purchaser of a farm tractor is induced to buy it by material false representations on which he is entitled to, and does, rely, and is thus defrauded, he may rescind the sale and recover back the purchase price paid.

2. ———: ———: DELAY. Where the purchaser of a farm tractor was fraudulently induced by the seller to buy it and to pay for it without an opportunity to inspect it, mere reasonable delay in returning it, if caused by honest efforts to make it work by trying it before and after replacing defective parts, will not necessarily defeat rescission.

3. ———: ———: RETURN OF PROPERTY. The purchaser of personal property, if induced to buy it by material fraudulent representations and to pay for it without opportunity for inspection, is not necessarily required to return it as a condition of rescission, if he made in good faith an offer to return it and it is shown that it would not be taken back.

4. **Evidence:** ADMISSIBILITY. A reply to a letter received in due course of mail and referred to a third person who answered it, *held* admissible in evidence over the objection of the person by whom it was referred, under the circumstances outlined in the opinion.

5. **Appeal:** HARMLESS ERROR. Harmless error in rulings on evidence and in giving and refusing instructions does not of itself justify the reversal of a judgment.

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*Prince & Prince* and *E. L. Vogeltanz*, for appellants.

*Davis & Davis* and *W. C. Heelan*, contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and DAY, JJ., TROUP, District Judge.

ROSE, J.

This is an action by the purchaser of a tractor to re-

Murray v. Bailey.

cover from the sellers the purchase price paid and other damages on account of false representations inducing the sale. Plaintiff resides on a farm near Seneca. Defendants are dealers in tractors at Ord. The negotiations resulting in the sale were conducted by mail. Before plaintiff had seen the tractor it was delivered to him at Ord on a freight car consigned to Seneca, and it was unloaded by him before he examined it. His claim consists of the following items: Payment by check April 14, 1919, mailed to Ord, $100; payment by check April 19, 1919, at Seneca, of sight draft attached to bill of lading, being the remainder of the purchase price, $900; freight, $47.24; repairs, $51.05; special damages, $300; total, $1,398.29. The petition, liberally construed, states facts sufficient to constitute a cause of action. Defendants denied the fraud charged and pleaded that the tractor was in the condition represented by them when delivered to plaintiff at Ord on the freight car consigned to him at Seneca. Upon a trial of the issues the jury returned a verdict in favor of plaintiff for $1,000. From a judgment thereon defendants have appealed.

It is argued that the judgment is not sustained by sufficient evidence, that plaintiff failed to prove either a prompt return of the tractor or a rejected offer to return it and that therefore he was not entitled to recover back the purchase price. The letters from defendants to plaintiff contained misrepresentations of material facts. This is shown by testimony of defendants themselves. They wrote letters representing: "We have had this engine on hand for just one year, and have used it for demonstration work and would say it has not plowed ten acres of ground. It is in A No. 1 condition." "Here is a big bargain if taken at once." "We consider this engine as good as new with the exceptions of demonstration work that we have done." "You will find what we have told you is right." The truth is it was a second-hand tractor. Defendants ordered it in 1916. They had it on hand at least two years. In the meantime they sold it to

a farmer who used it and exposed it to the weather for more than five months and afterward returned it to defendants in exchange for another tractor. There was evidence to sustain findings that it was in poor condition; that the paint was scuffed; that it was an old tractor, that it was out of repair; that parts of the machinery were broken; that it would not work or perform the services for which it was intended; that plaintiff with difficulty drove it to his farm, a distance of five or six miles from the railway station at Seneca; that he demanded instructions for operating this particular make of tractor; that he complained to defendants promptly, bought new parts and tried without success to make the tractor work. There is also proof that the tractor was covered with mud when loaded on the freight car at Ord and that the defects then existed and were not apparent when the tractor was unloaded at Seneca; that plaintiff was required to pay the purchase price and freight before being permitted to make an examination. The evidence is clearly sufficient to justify a rescission on the ground of fraudulent representations.

Did plaintiff lose his right to rescind the sale by failing to act promptly in returning the tractor or in making a rejected offer to return it? He unloaded the tractor April 19, 1919. Thereafter he tried to make it work and requested instructions upon discovering latent defects. He also demanded the replacement of broken parts. As early as May 30, 1919, he wrote, and defendants received, a letter saying:

"I will return your engine and load it on the cars and you refund my money."

In a reply defendant said:

"We do not believe, Mr. Murray, you would be interested in loading that tractor onto the cars, as it would be necessary to establish a fact that the tractor was not fulfilling the manufacturer's guarantee."

This was not the first time defendants had used the words, "would be interested." In reply to a former letter

Murray v. Bailey.

they had used that expression in a peremptory refusal to drive the tractor to Merna or Anselmo as a condition of the sale. Under the circumstances plaintiff was justified in assuming, and the jury in finding, that defendants would not have accepted the tractor, if tendered to them at Ord. The evidence seems to be sufficient to sustain a finding that the delay on the part of plaintiff was excusable under the circumstances and that an actual tender of the tractor at Ord would have been unavailing and therefore unnecessary.

The admission in evidence of two letters which plaintiff received by mail from the manufacturer of the tractor is also assigned as error. It is argued that these letters did not come from defendants, that the latter are not bound by them, and that they were admitted without the laying of a proper foundation. From the evidence as a whole the following facts or conclusions are inferable: The letters show that the tractor was sold by the manufacturer in 1916, through the agency of defendants, to a farmer residing near Ord. This, in connection with other evidence, disproves the representation by defendants that they had the tractor on hand just one year for demonstration work. Plaintiff received the first of these two letters in due course of mail in reply to a letter mailed by him to defendants, complaining about the tractor and requesting supplies to replace broken parts. The second letter to which objection was made was likewise received by plaintiff in reply to a letter on the same subject, which had been mailed by him to the manufacturer in response to the first of the two letters. Defendants referred the subject-matter of the correspondence to the manufacturer and took the initiative in prompting the letters from that source. The evidential facts shown by these letters, to which objections were made, were proved outside of the letters. The genuineness of the letters is not disputed. If the foundation was not properly laid in the first instance, it was supplied by subsequent testimony. The circumstances dis-

closed by the evidence as a whole show that there was no prejudicial error in the rulings of the trial court.

With the principal questions determined in favor of plaintiff, no prejudicial error has been found in other rulings on evidence or in the giving or refusing of instructions.

AFFIRMED.