MINNEAPOLIS-MOLINE POWER IMPLEMENT COMPANY, APPELLANT, V. PAUL HANES, APPELLEE.

FILED NOVEMBER 20, 1931. No. 27964.

*Hastings & Hastings* and *C. D. Ritchie*, for appellant.

*Halligan, Beatty & Halligan* and *Milton C. Murphy*, contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

This action in replevin was commenced in the district court for Perkins county by the Minneapolis-Moline Power Implement Company, the plaintiff, wherein Paul Hanes is the defendant, to obtain possession of two tractors on the grounds hereinafter pointed out. The jury found in favor of the defendant. The plaintiff has appealed.

The record discloses that, on or about April 9, 1929, the defendant executed two promissory notes in the sum of $575 each, and both were made payable to Charles H. Clemens & Son, a partnership. The notes bear interest at the rate of 8 per cent. per annum until paid and, to secure their payment, the defendant executed and delivered a chattel mortgage on the two tractors above designated. Subsequently the notes and the mortgage were sold and assigned by Charles H. Clemens & Son to the Minneapolis Steel & Machinery Company and by the latter company sold and conveyed to the plaintiff company. The defendant, as contended by the plaintiff, made default in the payment of the notes and thereupon this suit was begun.

The defendant contends that, on or about May 26, 1930, and as a part of the purchase price of certain combines, he delivered to the plaintiff a "Baldwin" combine, valued at $900, and that, at or about the same time, he paid the plaintiff $160, making a total payment of $1,060 for the combines so purchased. The defendant also contends that the combines were warranted to do satisfactory work and that they were represented by the plaintiff as being capable of doing effective work on the most hilly land. But he contends that the machines were unsuited to the purpose for which they were represented by the plaintiff and that he was unable to use them, and that he therefore returned the combines to the plaintiff or its agent.

The evidence appears to establish the fact that the combines were purchased by the defendant upon false representations made by the plaintiff or its agents and that the combines failed to do the work in the effective manner in which they were represented by the company. Pursuant to our former decisions, in cases wherein a like principle was involved, we conclude that the defendant was well within his rights in returning the combines to the plaintiff's agent. Where the representations in respect of the combines were false, and the jury's verdict so announced the fact to be, the defendant of course was justified in rescinding the contract by a return of the property so purchased. *Sanders v. Nightengale*, 109 Neb. 667; *Advance-Rumely Thresher Co. v. Bartzat*, 114 Neb. 35.

We have examined the instructions complained of, but we do not find reversible error therein. The judgment is
AFFIRMED.