ABRAHAM B. ALPIRN ET AL., APPELLANTS, V. H. EPSTEIN & SON, INC., APPELLEE.

293 N. W. 103

FILED JUNE 21, 1940. No. 30643.

*Foster & Yates,* for appellants.

*Abrahams, McGrath & Frenzer, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The plaintiffs obtained a judgment in the county court against the defendant in the aggregate amount of $1,205. Defendant appealed to the district court. Before the issues were finally made up, plaintiffs and defendant entered into a stipulation to settle the obligation in the amount of $700, to be paid by two checks, one for $400, payable December 3, 1938, and one for $300, payable December 26, 1938. The stipulation further recited:

"Upon the punctual payment of said checks, and each of them, upon presentation of (on) the dates aforesaid, the above-entitled causes and the counterclaim of Abraham B. Alpirn and Morton M. Alpirn, pending therein, shall be dismissed with prejudice, each party to pay his own costs.

"The proceedings in the above-entitled causes shall be continued, pending the punctual payment of said checks. In the event, however, that either of said checks is not fully paid when due and regularly presented, the appeals herein shall be forthwith dismissed and the judgments in the county court of Douglas county, Nebraska, in said causes shall be reinstated; provided, however, that any moneys paid under and by virtue of said checks shall be credited upon said judgments."

The stipulation was not strictly complied with, defendant failing to pay promptly on the day set. The plaintiffs filed a motion to dismiss the defendant's appeal from the county court to the district court, and reinstate the judgment of the

county court, in accordance with the terms of the stipulation. A hearing was had on the motion. The court overruled the same, dismissing the case. From this order, plaintiffs appeal to this court, assigning as error that the order of the court is contrary to the law and the evidence; that time is of the essence of the agreement, and need not be expressly provided therein, but can be ascertained from all the facts and circumstances concerning the agreement.

The record discloses that on the 3d day of December, 1938, when the checks were to be delivered, some conversation was had between the parties, wherein the plaintiffs acquiesced in the delivery of the two checks on December 5, or two days after the date required by the stipulation for delivery, plaintiff Abraham B. Alpirn stating to Sam Epstein, son of defendant: "A couple of days more won't make any difference; it will be all right Monday." The evidence further shows that December 26, 1938, when the check for $300 was to be paid upon its presentation, was a holiday, and on the following day H. Epstein asked plaintiff Abraham B. Alpirn for an extension of time of two weeks to enable him to secure the money to pay this obligation, which was refused. Epstein testified that he said he could not do it because he "put that check in the bank," whereupon Epstein promised to make the check good on the 27th, and Alpirn replied: "Okeh, that check will be, anyhow, in your bank tomorrow." This statement Abraham B. Alpirn denied, and he stated, in substance, that he told H. Epstein that "the agreement was made, the check accepted with that provision, and 'It is up to you to carry out the agreement;' " that Alpirn had made no promises whatever. The defendant did obtain the money, tendered it in cash to plaintiff Morton Alpirn on December 28, 1938; he refused to accept it; it was tendered to plaintiffs' counsel, who refused to accept it, and at the time of trial the money was tendered into court. Upon this evidence the trial court found for the defendant.

We believe that, even though time be considered of the essence of the contract, the evidence here produced and as

found by the trial court was sufficient to waive the condition, either directly or inferentially, by express declaration, and that it was manifest that the plaintiffs did not intend to claim the advantage given them by the contract by the neglect and failure of the defendant to act on December 26, as designated therein, but, in fact, waived such condition.

In *Advance-Rumely Thresher Co. v. Bartzat,* 114 Neb. 35, 206 N. W. 7, the general principle of waiver is announced in the fifth paragraph of the syllabus as follows: " 'A written contract may be waived in whole or in part, either directly or inferentially, and the waiver may be proved by express declarations manifesting the intent not to claim the advantage, or by so neglecting and failing to act as to induce the belief that it was the intention to waive.' *Fairbanks, Morse & Co. v. Nelson,* 217 Fed. 218."

In the case of *Welsh v. Dick,* 236 Pa. St. 155, 84 Atl. 769, the court said (p. 160) : "The right to insist upon time as the essence of a contract may be waived as effectually by implication as by express agreement, and whether there has been an implied waiver in any case depends upon whether the conduct of the party seeking to invoke the strict provision of the contract had been such as to lead the other party to believe he would not be held to it, but might, notwithstanding it, proceed to perform."

Assuming that the contract contained an express condition, making time of the essence thereof, such condition was waived by the declarations of the plaintiffs in not intending to claim the advantage by failure to act on the part of the defendant. The evidence is sufficient to induce the belief that a waiver was intended, and the trial court so found.

AFFIRMED.